IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAMARIS OLIVERAS-ALGARIN,
Plaintiff

v.                                                                       CIVIL NO. 06-1628(DRD)

AMERICAN AIRLINES, INC., et al.,
Defendants

**ORDER**

The instant case was filed on May 19, 2006, before the Puerto Rico Court of First Instance, Carolina Superior Part, Civil Case No. FDP2006-0046(401). Summons and copy of the Complaint were served upon defendant, American Airlines, Inc., through its resident agent in Puerto Rico, CT Corporation Systems, on June 8, 2006. On June 23, 2006, instant defendant filed a Notice of Removal before this District Court asserting that the instant case was removable due to the complete diversity amongst the litigants and because the amount sought as remedy exceeds the statutory minimum. American Airlines sustains that it is an entity incorporated in Delaware and with its place of business in Fort Worth, Texas, while plaintiff is a resident of the Commonwealth of Puerto Rico.

From the face of the complaint, it can be asserted that the instant action seeks compensatory damages as a result of a slip and fall accident suffered by plaintiff as a result of said accident. Further, it can be asserted that plaintiff seeks compensatory damages amounting to One Hundred Thousand Dollars ($100,000) hence surpassing the statutory amount. The Court holds that there is a *prima facie* showing of federal jurisdiction in accordance with 28 U.S.C.A. §§ 1332, 1441 therefore, the instant case shall be removed to this Court.

Further, the State Court is forewarned that the filing of a Notice of Removal together with proper notice to adverse parties and to the Clerk of the State Court perfects the removal. From this moment on "the State court shall proceed no further unless and until the case is remanded". 28 U.S.C.A. §1446(d); *Polyplastics Inc. v. Transconex Inc.*, 713 f.2d 875 (1st Cir. 1983). The removal of the claim automatically stays State proceedings. Therefore, post removal proceedings at the State Court are void subject to annulment and sanctions from this Court. *Polyplastics Inc. v. Transconex Inc.*, at 880.

The Court hereby **GRANTS** the Defendant's *Notice of Removal* (Docket No. 1). The Clerk of the Court is **INSTRUCTED** to notify this Order to the Plaintiff's counsel via Certified Mail and Return Receipt to the following address: William Mendez-Torres, ESQ., Esteban Padilla Num. 53, Bayamon, Puerto Rico, 00961. Further, the Court **GRANTS** the plaintiff until **August 1, 2006,** to appear before this Court with a counsel dully admitted to this Bar. **Plaintiff is forewarned that failure to appear with a counsel duly admitted to this Bar within the deadline herein provided may result in the imposition of sanctions which may amount to the dismissal without prejudice of the instant complaint.** Finally, American Airlines is **ORDERED** to file copy of this Order at the Puerto Rico Court of First Instance, Carolina Superior Part, Civil Case No. FDP2006-0046(401),

on or before the **10th day of July 2006**.  An informative motion shall be filed by American Airlines **on or before July 12, 2006,** evidencing compliance with this Order.

      Finally, the Court **NOTES** that American Airlines has filed an Informative Motion (Docket No. 3) advising this Court that the local state court has been properly advised of the instant Notice of Removal and also that the responsive pleading has already been filed (Docket No. 2).

      An Initial Case Management and Scheduling Conference shall be scheduled promptly after plaintiff makes its initial appearance before this Court.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 6th day of July 2006.

                                        **S/DANIEL R. DOMINGUEZ**
                                        **DANIEL R. DOMINGUEZ**
                                        **U.S. DISTRICT JUDGE**